(19 Misc. Rep. 369.)

## GAGE v. PEETSCH.

(City Court of New York, General Term. February 3, 1897.)

TRIAL—FAILURE OF PROOF—HEARSAY.
> The falsity of a representation as to the liabilities of a business is not shown by testimony that there were certain other liabilities than those represented, where the only knowledge of the witness is by hearsay from the creditor's bookkeeper.

Appeal from trial term.

Action by Leonard M. Gage against Henry Peetsch. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FITZSIMONS and McCARTHY, JJ.

Johnston & Johnston, for appellant.
William F. Randel, for respondent.

McCARTHY, J. This action is brought to recover damages for false and fraudulent representations in the sale of a certain saloon, lease, and fixtures, subject to a certain mortgage. Of course, the plaintiff must prove, either by himself or his authorized agent, the making of the material representations, and that they were false; that he relied on them, and that defendant knew they were untrue, or assumed to know the truth or untruth of the same, or intended to convey that he had actual knowledge of the statements made by him. The plaintiff, upon the discovery of the fraud, can elect to cancel the contract, and recover back the contract price,

or the value of the property taken or lost to him by reason of the alleged fraud. The mortgage, among other things, provides as follows:

"Upon the condition that if I, the said party of the first part, shall and do well and truly pay unto the said parties of the second part, their successors or assigns, the sum of nine hundred and fifty dollars ($950.00), lawful money of the United States, with interest thereon, together with all sums which said party of the first part may at any time become indebted unto the said parties of the second part for goods sold or advances made; these presents being intended and given as a continuing security for any indebtedness now existing, or that may hereafter be incurred by the said party of the first part, and, on payment of which, then these presents shall be void."

But any indebtedness over and above the $950 existing against Coleman at the time of the transfer must be shown by proper evidence, and more particularly since it is the gravamen of this complaint. The plaintiff attempts to prove by the evidence of O'Loughran that the representations of the defendant were untrue, and as follows:

"Thomas J. O'Loughran, sworn for the plaintiff, testifies as follows:

"In September, 1893, I was a salesman and collector for the Stevenson Brewing Company. I know Mr. Gage, Mr. Follett, Mr. Peetsch, and Mr. O'Connell. I conducted the transactions respecting the mortgage held by the brewery company, with a saloon at No. 11 Third avenue, personally. I made the sales and the collections. Q. 'Paid by James McClenahan and James D. Smith, as executors, and Suanee M. Stevenson, as executrix, of the estate of David Stevenson, of the city of New York, and doing business in the city, county, and state of New York.' Were you employed by these people? A. Yes, sir, and acting for them; and in that capacity I conducted the business between that saloon and them. Q. State, if you know, the amount that was due from that saloon to these people on the 28th day of September, 1893. (Defendant's counsel objects, as calling for a conclusion; as incompetent, irrelevant, and immaterial.) Q. Do you know? A. Yes. Q. How much? (Defendant's counsel objects, as incompetent, irrelevant, and immaterial, and not within the issue, and as calling for a conclusion. Admitted. Defendant excepts.) A. $1,444.10, including Mr. Coleman's indebtedness. Q. Did you collect the money? A. No, sir. Q. Upon whom did you make the demand? A. Of Mr. Gage. Q. Did he pay? A. No, sir. Q. What was done respecting the mortgage after the demand was made? (Defendant's counsel objects, as immaterial and incompetent, and not within the issues. Objection overruled. Defendant excepts.) Q. Was the mortgage foreclosed? (Same objection, ruling, and exception.) A. The mortgage was foreclosed afterwards.

"Cross-examination: I was in the employ of the David Stevenson Brewing Company in September, 1893, when I made a demand for the mortgage. I made it on behalf of the David Stevenson Brewing Company, and on behalf of no one else, and the David Stevenson Brewing Company is a corporation. Defendant's Counsel: Now, I ask to have the evidence of the witness stricken out. It is now admitted that he made no demand on behalf of the mortgagees. (Motion denied. Defendant excepts.) The David Stevenson Brewing Company commenced business years before I went into their employ. I sold ale and lager for the David Stevenson Brewing Company. I sold ale and lager to Mr. Coleman. That ale and lager I sold for the David Stevenson Brewing Company. Q. And you did not sell it for the executors of David Stevenson? A. I sold it for the corporation. Q. And this money that you said was due at the time you made the demand on Mr. Gage was money that was due to the David Stevenson Brewing Company? A. Yes, sir. Q. You had no authority from the executors, as individuals, to collect money, did you? A. I had from the company. Q. But only for the company? A. From the president of the company, Mr. Clenahan. Q. Who was the president of the David Stevenson Brewing Company? A. Yes, sir. Q. There is no mistake about this fact,—that this four hundred and forty-four dollars was for ale and lager that was sold and delivered to P. J. Coleman by the David

Stevenson Brewing Company? A. Yes, sir. Q. And how do you know that amount? A. From the books in the brewery. Q. Did you keep the books? A. No, sir. Q. You did not make the delivery of the ale and lager, did you? A. No, sir. Q. And all the knowledge you had on the subject was what the book-keeper of the brewery told you? A. That was all, sir. Q. And that was the bookkeeper of the David Stevenson Brewing Company? A. Yes, sir. Q. Who told you that there was four hundred and forty-four dollars and ten cents due, over and above the amount of the mortgage? A. Yes. Q. For ale and lager sold to Coleman? A. Yes, sir.

"Redirect examination: Q. Did you represent or take any part in the placing of the mortgage itself? A. Yes. Q. What part did you take? A. I transacted that business with Mr. Coleman and the brewery. Q. On which this mortgage was made? A. Yes, sir. Q. And the money for which you demanded of Mr. Gage was money due under this mortgage? A. And for goods delivered. By the Court: Q. And for goods delivered subsequent to the making of that mortgage? A. Yes, sir; after.

"Recross: Q. But the goods that were delivered after the making of the mort-gage were ale and lager? A. Delivered to Mr. Coleman. Q. By the David Stevenson Brewing Company? A. Yes, sir. Defendant's Counsel: Now, I re-new my motion to strike out the testimony of the witness, on the ground that there is no competent testimony to prove the amount of any indebtedness over and above the amount of the mortgage in the mortgagee by the mortgagor. (Motion denied. Defendant excepts.)"

It is clear from the foregoing that there is a lack of proof here, and that such would not bind Patrick J. Coleman, as between him and the David Stevenson Brewing Company, and, the liability not being properly proven, cannot, certainly, bind this defendant, in order to prove the falsity of an alleged representation. The dates of sales, credits, or delivery, and the number of such transactions that go to make up this additional liability of Coleman, are not given; and he knows nothing about these transactions, nor their sale and delivery, and all he knows is hearsay from the bookkeeper. Dayton v. Parke, 142 N. Y. 391, 37 N. E. 642. For all that appears, Coleman may have another place of business, and these particular sales and deliveries may be made to another place, or to another man of the same name, and the representations were true. The fact that the brewery foreclosed the mortgage does not prove the debt, nor the falsity of the defendant's representations. The plain-tiff must therefore prove, by Coleman or other competent testimony or evidence, the indebtedness or liability for this extra $4,444.10 over the mortgage. Nor is there any legal evidence as to the falsity of the daily receipts. That portion at folio 64 was hearsay, and was, on motion, stricken out at folio 82. There are many other serious objections presented, but we think, without going into the other questions, this was error for which a new trial should be granted.

Judgment is therefore reversed, and a new trial granted, with costs to the appellant to abide the event.

FITZSIMONS, J., concurs.